IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SHEILA NELSON-COLE, | : | |
|     Plaintiff, | : | |
| | : | |
| v. | : | Case No. 2:24-cv-4575-JDW |
| | : | |
| GERMAN YAKUBAR, *et al.*, | : | |
|     Defendants. | : | |

## MEMORANDUM

Sheila Nelson-Cole alleges due process violations in connection with two state court lawsuits. For the following reasons, I will grant Ms. Nelson-Cole leave to proceed *in forma pauperis* and dismiss her Complaint.

**I.     FACTUAL ALLEGATIONS**

Ms. Nelson-Cole filed two complaints in Pennsylvania state court but received "no service, no case [management] no arbitration, no hearing, [and] no trial" in either of the cases, which she claims violated her due process rights. (ECF No. 2 at §§ II.B., III.C.) At some point in 2022, she paid $483 to file at least one of these complaints. A non-defendant named Eric Feder, and Ms. Kara from Mr. Feder's office, refused to refund her filing fee. In one case, which she describes as the "Covid-19 Complaint," "3 judges" ruled on her case, and the defendants' motions were granted, the plaintiff's motions were denied, and the Superior Court remanded the case but the lower court has issued "no response." (*Id.* at § III.C.) The "Staff in Room 296 long-term" at the Court of Common

Pleas are "violating the law by not giving public-proper procedure." (*Id.*) Ms. Nelson-Cole filed this suit on August 29, 2024. She names as Defendants German Yakubar, Edward Benoff, the Benoff Law Firm, Sentex Settlement Company, Bank of America, Louella Gray, and Christine Shur. She does not allege how these Defendants were involved in the denial of her due process rights.

Public state court dockets reveal that Ms. Nelson-Cole named all of these Defendants in two, now closed, state court actions in the Philadelphia Court of Common Pleas. In *Nelson v. Yakubor, et al.*, No. 210502902 (C.P. Phila.), Ms. Nelson-Cole brought claims against German Yakubor,[1] Edward Benoff, the Benoff Law Firm, Sentex Settlement Services, Inc., and others. The lawsuit involved the sale of property in Philadelphia. The Common Pleas Court entered Judgments of *non pros* against Mr. Benoff, the Benoff Law Firm, and Sentex for Ms. Nelson Cole's failure to file certificates of merit. It entered summary judgment in favor of Mr. Yakubor.

In *Nelson-Cole v. Bank of America, et al.*, No. 210901087 (C.P. Phila.), Ms. Nelson-Cole brought claims against Bank of America, Louella Gray, and Mrs. Shur, among others. That case involved claims that Bank of America employees Ms. Gray and Ms. Shur racially discriminated against Ms. Nelson-Cole by denying her mortgage application. *See Nelson-Cole v. Bank of America, N.A.*, No. 210901087, 2022 WL

---

[1] Although Ms. Nelson-Cole names "German Yakubar" in her Complaint, I understand Ms. Nelson-Cole to refer to German Yakubor, who she named in the state court case.

17901563, at *1 (C.P. Phila.. Oct. 06, 2022). The Court of Common Pleas dismissed Ms. Nelson-Cole's Complaint and the Superior Court affirmed the dismissal. *See Nelson-Cole v. Bank of Am.*, 293 A.3d 599, 2023 WL 1794501 at *1 (Pa. Super. Ct. 2023).

## II. STANDARD OF REVIEW

A plaintiff seeking leave to proceed *in forma pauperis* must establish that she is unable to pay for the costs of her suit. *See Walker v. People Express Airlines, Inc.*, 886 F.2d 598, 601 (3d Cir. 1989). Where, as here, a court grants a plaintiff leave to proceed *in forma pauperis*, it must determine whether the complaint states a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii). That inquiry applies the standard for a motion to dismiss under Fed. R. Civ. P. 12(b)(6). I must determine whether the Complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). That means I must accept the factual allegations in the Complaint as true, draw inferences in favor of the plaintiff, and determine whether there is a plausible claim. *See Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021). Conclusory allegations do not suffice. *See Iqbal*, 556 U.S. at 678. When a plaintiff is proceeding *pro se,*, I construe her allegations liberally. *See Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021).

3

### III. DISCUSSION

#### A. *In Forma Pauperis*

Ms. Robinson-Cole has completed the Court's form disclosing her financial status, and she has demonstrated that she lacks the income and assets to pay the required filing fees. I will therefore grant her request to proceed *in forma pauperis*.

#### B. Plausibility Of Claims

##### 1. Due process

Ms. Nelson-Cole appears to allege violations of her Fourteenth Amendment due process rights in connection with the handling of two state court complaints in the Philadelphia Court of Common Pleas. The vehicle by which federal constitutional claims may be brought in federal court is 42 U.S.C. § 1983. "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). "The color of state law element is a threshold issue; there is no liability under § 1983 for those not acting under color of law." *Groman v. Twp. of Manalapan*, 47 F.3d 628, 638 (3d Cir. 1995). Whether a defendant is acting under color of state law — *i.e.*, whether the defendant is a state actor — depends on whether there is "such a close nexus between the State and the challenged action' that seemingly private behavior may be fairly treated as that of the State itself." *Leshko v. Servis*, 423 F.3d 337, 339 (3d Cir. 2005) (internal quotations

omitted). "To answer that question, [the Third Circuit has] outlined three broad tests generated by Supreme Court jurisprudence to determine whether state action exists: (1) whether the private entity has exercised powers that are traditionally the exclusive prerogative of the state; (2) whether the private party has acted with the help of or in concert with state officials; and (3) whether the state has so far insinuated itself into a position of interdependence with the acting party that it must be recognized as a joint participant in the challenged activity." *Kach v. Hose*, 589 F.3d 626, 646 (3d Cir. 2009) (internal quotations and alteration omitted).

The Complaint centers on Ms. Nelson-Cole's state court lawsuits and the alleged deprivation of her due process during those lawsuits. The defendants she names in this federal case—parties adverse to her in the state court lawsuits—are not state actors under § 1983. Private attorneys and law firms are not state actors. *See Angelico v. Lehigh Valley Hosp., Inc.*, 184 F.3d 268, 277 (3d Cir. 1999). Nor are banks, private companies, and their employees, even if they are subject to government regulation. *See Jackson v. Metro Edison Co.*, 419 U.S. 345, 350 (1974) Private individuals are also not state actors. *See Leshko*, 423 F.3d at 340 n.2. Ms. Nelson-Cole's due process claims are therefore not plausible. Also, there does not appear to be anything she could do in an amended complaint to salvage those claims, so I will dismiss the Complaint with prejudice.

5

### B. State Law Claims

To the extent Ms. Nelson-Cole's Complaint could be liberally construed to raise claims under state law, there is no independent basis for the Court's jurisdiction over any such claims. Many defendants are from Pennsylvania, as is Ms. Nelson-Cole, and the amount in controversy, $483, fails to meet the minimum of $75,000 that federal law requires. *See* 28 U.S.C. § 1332(a). I also will not exercise supplemental jurisdiction over those claims.

## IV. CONCLUSION

Ms. Nelson-Cole's allegations do not support any factual basis for a claim under § 1983, so I will dismiss her federal claims with prejudice because amendment would be futile. I will dismiss her state law claims, to the extent she raises any, without prejudice for lack of jurisdiction. An appropriate Order follows.

**BY THE COURT:**

*/s/ Joshua D. Wolson*
**JOSHUA D. WOLSON, J.**

November 5, 2024